## CIRCUIT COURT OF THE CITY OF RICHMOND

Mary L. Mason

v.

George Melvin Bray

March 20, 1991

Case No. LS-681-1

By JUDGE MELVIN R. HUGHES, JR.

In this case, plaintiff was a passenger in a vehicle which was hit in the rear by a dump truck operated by defendant. Plaintiff has moved for partial summary judgment as a sanction on the ground that defendant allowed a throttle plate from his truck to become lost when he knew there were claims arising from the automobile accident. Having done so, plaintiff contends, defendant should be foreclosed from showing his accelerator stuck in support of his defenses of sudden emergency and unavoidable accident.

The parties agree that five days after the accident, defendant was advised of claims arising from it. The parties also agree that the plate was not preserved when it was removed in a repair the day after the accident and that the mechanic who did the repair is expected to be called by defendant to describe that the part was in a defective condition and caused an unwanted acceleration.

The Court decides to overrule the motion because there is no showing that the failure to keep the part was deliberate, willful, or designed to thwart the discovery process. In the sequence of events following the accident, defendant's vehicle underwent repair, there was notice of claims given defendant, and this lawsuit and others were filed some seven months after the accident. Considering

especially defendant's getting the truck repaired the day after the accident, there is nothing to show any misconduct to secure an advantage by not preserving the plate. Plaintiff's witness, though an expert, is also a fact witness and has no special advantage by the absence of the original part he removed other than that any such witness may bring to a trial. Both sides can have their experts testify about how a throttle plate works and how a worn one can or cannot make an accelerator stick because of wear, using any throttle plate as demonstrative evidence.